**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                      )
GIOVANNI LANZA and MARIANTONIA         )
LANZA,                                 )
                                      )
                Plaintiffs,            )
                                      )    Civil Action
       v.                              )    No. 18-10859-PBS
                                      )
FINANCIAL INDUSTRY REGULATORY          )
AUTHORITY (FINRA),                     )
                                      )
                Defendant.             )
_____)

**ORDER**

November 13, 2018

Saris, C.J.

Plaintiffs' motion for reconsideration of the Court's order allowing FINRA's motion to dismiss (Docket No. 36) is **DENIED**. Plaintiffs first argue that the doctrine of arbitral immunity does not apply here because they are not attacking the substance of the arbitrators' decision. But arbitral immunity extends beyond such challenges to immunize an arbitral forum for administrative tasks "integrally related to the arbitration." New Eng. Cleaning Servs., Inc. v. Am. Arbitration Ass'n, 199 F.3d 542, 545 (1st Cir. 1999). Here, the arbitrators' decision to issue an award without a reasoned decision is an

administrative task integrally related to the arbitration and thus protected by arbitral immunity.

Second, Plaintiffs argue that the FINRA rules gave the arbitrators discretion to issue a reasoned decision even if only one party requested it and that the arbitrators violated Plaintiffs' reasonable expectations by refusing to do so. Although Plaintiffs are correct about the discretion the FINRA rules afforded the arbitrators, their choice not to issue a reasoned decision did not violate the covenant of good faith and fair dealing. When a contract grants one party sole discretion to make a decision, the implied covenant of good faith and fair dealing does not create rights that are not in the contract. See A.L. Prime Energy Consultant, Inc. v. Mass. Bay Transp. Auth., 95 N.E.3d 547, 561 (Mass. 2018); Eigerman v. Putnam Invs., Inc., 877 N.E.2d 1258, 1265-66 (Mass. 2007). While Plaintiffs are correct that FINRA must comply with a duty of good faith, there is no evidence that simply exercising its contractual right not to issue a reasoned decision is a breach of that duty.

SO ORDERED.

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge